Donna THOMAS, Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner of
Social Security Administration,
Defendant–Appellee.

No. 99–16860.
D.C. No. CV–98–00950–SOM.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 14, 2001.*

Decided Feb. 21, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case appropriate for submission without oral argument under Fed. R.App. P. 34(a)(2).

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM **

The Administrative Law Judge's (ALJ's) determination that Thomas did not qualify for disability benefits were free of legal error and supported by substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989) (where the evidence is susceptible to more than one rational interpretation, the determinations of the ALJ must be upheld). The ALJ's rejection of Thomas's testimony regarding her excessive pain was justified by specific findings that Thomas had attended university full time and had been unwilling to undergo medical testing recommended by her physician. *Fair v. Bowen*, 885 F.2d 597, 602–03 (9th Cir.1989) (upholding ALJ's rejection of excess pain testimony based on findings that the plaintiff could perform activities involving the same physical tasks as in his former job and had failed to follow a prescribed course of treatment).

It was the ALJ's prerogative to reject the conclusory opinion of Thomas's treating physician that Thomas was disabled because the opinion was contradicted by the conclusions of Thomas's other physicians. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) ("Where medical reports are incon-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided for by Ninth Circuit Rule 36–3.

clusive, 'questions of credibility and resolution of conflicts in the testimony are functions solely of the [Commissioner].'" (alteration in original) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982))); *Sample*, 694 F.2d at 643 (ALJ acted "well within his prerogative" in ignoring the eight sentence report of a claimant's treating physician after determining that it was conclusory and lacked clinical support). Substantial evidence supports the ALJ's determination that Thomas's treating physician's opinion was based on Thomas's subjective allegations of excess pain rather than on clinical findings.

The ALJ properly relied on the testimony of vocational experts to determine the jobs for which Thomas was qualified. *Johnson v. Shalala*, 60 F.3d 1428, 1435–36 (9th Cir.1995). The hypothetical questions that the ALJ posed to the vocational experts only "assumed facts [that] could ... be supported by the record." *Sample*, 694 F.2d at 644. Therefore, the ALJ's determination that Thomas could perform her past relevant work, or a different type of work requiring similar skills, is supported by substantial evidence.

AFFIRMED.